UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-0369 - CIV-

Middlebrooks

|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| Plaintiff, | ) |
| v. | ) |
| JEROME E. ROSEN, DIVERSIFIED CORPORATE CONSULTING GROUP, JOSEPH D. RADCLIFFE, and WILLIAM A. CALVO III, | ) |
| Defendants. | ) |

### CONSENT AND UNDERTAKINGS OF JOSEPH D. RADCLIFFE

1. Defendant JOSEPH D. RADCLIFFE ("RADCLIFFE") enters a general appearance, admits the jurisdiction of this Court over him and over the subject matter of this action, waives service of a summons and acknowledges receipt of the COMPLAINT of Plaintiff SECURITIES AND EXCHANGE COMMISSION (the "COMMISSION") in this action.

2. Defendant RADCLIFFE, without admitting or denying the allegations of the COMPLAINT, except as to jurisdiction, which he admits, consents to the entry of the FINAL JUDGMENT AS TO JOSEPH D. RADCLIFFE ("the FINAL JUDGMENT") in the form annexed hereto and incorporated by reference herein, which permanently restrains and enjoins RADCLIFFE from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), 77q(a)], Section 10(b) of the Securities



1

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 CFR 240.10b-5] and orders RADCLIFFE to: (i) disgorge $383,586 plus prejudgment interest thereon of $156,133, (ii) surrender possession (but not title) of 100,000 shares of Madison Sports & Entertainment, 50,000 shares of Smart from the Start, Inc. common stock, 50,000 Smart from the Start, Inc. warrants, and 142 shares of Imperial Petroleum, (iii) disgorge the appraised fair market value of a 1996 Lincoln Towncar limousine in his possession but acquired by Diversified Corporate Consulting Group ("DCCG"), and (iv) pay a $75,000 civil penalty.

3. Defendant RADCLIFFE further consents to the entry, without further notice, of the Order Appointing Receiver in the form filed herewith, and incorporated by reference herein, appointing Thomas A. Ferrigno ("Court-appointed Receiver") as Receiver in this case.

4. Defendant RADCLIFFE waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant RADCLIFFE waives any right he may have to appeal from the entry of the FINAL JUDGMENT.

6. Defendant RADCLIFFE, with the advice of counsel, enters into this CONSENT AND UNDERTAKINGS OF JOSEPH D. RADCLIFFE (the "CONSENT") voluntarily and of his own accord and represents that no threats, offers, promises or inducements of any kind have been made by the COMMISSION or any member, officer, employee, agent or representative of the COMMISSION to induce him to enter into this CONSENT.

7. Defendant RADCLIFFE agrees that this CONSENT shall be incorporated into the FINAL JUDGMENT with the same force and effect as if fully set forth therein.

8. Defendant RADCLIFFE agrees that he will not oppose the enforcement of the FINAL JUDGMENT on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and he hereby waives any objection he may have based thereon.

9. Defendant RADCLIFFE agrees that the FINAL JUDGMENT may be presented by the COMMISSION to the Court for signature and entry without further notice.

10. Defendant RADCLIFFE waives service of the FINAL JUDGMENT entered herein upon him and agrees that entry of the FINAL JUDGMENT by the Court and filing with the Clerk of the United States District Court for the Southern District of Florida will constitute notice to him of the terms and conditions of such FINAL JUDGMENT.

11. Defendant RADCLIFFE agrees and undertakes to pay disgorgement in the amount of $383,586, representing gains that arise from his conduct alleged in the COMPLAINT, plus prejudgment interest of $156,133 for a total primary disgorgement obligation of $539,719. RADCLIFFE agrees and undertakes to take any and all reasonable actions directed by the COMMISSION or the Court-appointed Receiver to transfer or deliver, or to cause the transfer or delivery of, payments on the following schedule and in the following amounts: (i) within sixty (60) days of the entry of the FINAL JUDGMENT, disgorgement of $100,000, (ii) within one hundred twenty (120) days of the entry of the FINAL JUDGMENT, disgorgement of $146,573, (ii) within one hundred fifty (150) days of the entry of the FINAL JUDGMENT, disgorgement on $146,573, and (iv) within one hundred eighty (180) days of the entry of the FINAL JUDGMENT, disgorgement of $146,573. RADCLIFFE also agrees and undertakes to contemporaneously notify the COMMISSION of such transfer or delivery by sending a copy of any check, money order, or wire transfer to:

Erich T. Schwartz, Assistant Director, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, N.W., Mail Stop 7-6, Washington, D.C. 20549-0706. Radcliffe acknowledges that such payments shall thereafter be distributed pursuant to a plan filed by the COMMISSION or the Court-appointed Receiver and approved by the Court, but in no event shall any of the funds, securities, or other things of value paid into the Registry of the Court or paid or delivered to the Court-appointed Receiver be returned, directly or indirectly, to RADCLIFFE.

12. Defendant RADCLIFFE agrees and undertakes to further disgorge the fair market value -- as determined by a third-party appraiser selected by the Court-appointed Receiver in the exercise of the Receiver's sole discretion -- of a 1996 Lincoln Towncar limousine in his possession that was acquired by DCCG. RADCLIFFE agrees and undertakes to take any and all reasonable actions directed by the COMMISSION or by the Court-appointed Receiver to facilitate the appraisal, which shall occur at a time and place selected by the Court-appointed Receiver, but no sooner than fifteen (15) days from the entry of the FINAL JUDGMENT. Within fifteen (15) days of the completion of the third-party appraisal RADCLIFFE shall transfer or deliver, or cause the transfer or delivery of, payment of (i) the fair market value of the limousine and (ii) the cost of the third-party appraisal to the Court-appointed Receiver.

13. Defendant RADCLIFFE agrees and undertakes to, within thirty (30) days from the entry of this FINAL JUDGMENT, surrender possession (but not title) to the Court-appointed Receiver and relinquish any claim of ownership to 100,000 shares of Madison Sports & Entertainment, 50,000 shares of Smart from the Start, Inc. common stock, 50,000 Smart from the Start, Inc. warrants, and 142 shares of Imperial Petroleum. Radcliffe further

agrees to take any and all actions directed by the COMMISSION or the Court-appointed Receiver to effectuate this surrender.

14.     RADCLIFFE agrees to waive any rights he or his nominees may have to make any claim against any disgorgement fund established to compensate victims of the SOE fraud, including monies held by the Court-appointed Receiver or in the registry of the Court.

15.     RADCLIFFE agrees and undertakes to pay a civil penalty in the amount of $75,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)]. RADCLIFFE agrees and undertakes to deliver, within thirty (30) days of the entry of the FINAL JUDGMENT, a United States postal money order, certified check, bank cashier's check or bank money order in the amount of $75,000, representing the civil penalty payment he makes pursuant to Section II of the FINAL JUDGMENT, to:  Office of the Comptroller, Securities and Exchange Commission, 450 Fifth Street, NW, Mail Stop 0-3, Washington, DC 20549. The check or money order shall be made payable to the "Securities and Exchange Commission" and bear on its face the caption and case number of this action and the name of this Court. RADCLIFFE also agrees and undertakes to contemporaneously send a copy of the check or money order to:  Erich T. Schwartz, Assistant Director, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, N.W., Mail Stop 7-6, Washington, D.C. 20549-0706.

16.     Consistent with the provisions of 17 C.F.R. § 202.5(f), defendant RADCLIFFE waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein.

17. Defendant RADCLIFFE understands and agrees to comply with the COMMISSION's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" (17 C.F.R. § 202.5(e)). In compliance with this policy, Defendant RADCLIFFE agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the COMPLAINT or creating the impression that the COMPLAINT is without factual basis. If Defendant RADCLIFFE breaches this agreement, the COMMISSION may petition the Court to vacate the FINAL JUDGMENT and restore this case to its active docket. Nothing in this provision affects Defendant RADCLIFFE's testimonial obligations or right to take legal positions in litigation in which the COMMISSION is not a party.

18. Defendant RADCLIFFE agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the FINAL JUDGMENT.

_____
JOSEPH D. RADCLIFFE

On this 30th day of January, 2001, JOSEPH D. RADCLIFFE, being known to me, personally appeared before me and acknowledged to me that he executed the foregoing Consent and Undertakings of Joseph D. Radcliffe.

Notary Public  *Audrey J. Benjamin*

Commission expires:

AUDREY J. BENJAMIN
Notary Public, State of New York
No. 4982492
Qualified in Greene County
Commission Expires June 3, 2001

APPROVED AS TO FORM:

_____
Richard Morvillo, Esq.
Counsel for Joseph D. Radcliffe

17. Defendant RADCLIFFE understands and agrees to comply with the COMMISSION's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" (17 C.F.R. § 202.5(e)). In compliance with this policy, Defendant RADCLIFFE agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the COMPLAINT or creating the impression that the COMPLAINT is without factual basis. If Defendant RADCLIFFE breaches this agreement, the COMMISSION may petition the Court to vacate the FINAL JUDGMENT and restore this case to its active docket. Nothing in this provision affects Defendant RADCLIFFE's testimonial obligations or right to take legal positions in litigation in which the COMMISSION is not a party.

18. Defendant RADCLIFFE agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the FINAL JUDGMENT.

JOSEPH D. RADCLIFFE

On this 30th day of January, 2001, JOSEPH D. RADCLIFFE, being known to me, personally appeared before me and acknowledged to me that he executed the foregoing Consent and Undertakings of Joseph D. Radcliffe.

Notary Public Audrey J. Benjamin

Commission expires:

AUDREY J. BENJAMIN
Notary Public, State of New York
No. 4982492
Qualified in Greene County
Commission Expires June 3, 2001

APPROVED AS TO FORM:

Richard Morvillo, Esq.
Counsel for Joseph D. Radcliffe