UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-0369

FILED by _____ D.C.
MAR 05 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

SECURITIES AND EXCHANGE COMMISSION )
)
Plaintiff, )
)
v. )
)
JEROME E. ROSEN, DIVERSIFIED )
CORPORATE CONSULTING GROUP, )
JOSEPH D. RADCLIFFE, and )
WILLIAM A. CALVO III, )
)
Defendants. )
_____)

## FINAL JUDGMENT AS TO JOSEPH D. RADCLIFFE

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action by filing its Complaint for injunctive and other relief ("the Complaint"), and defendant Joseph D. Radcliffe ("Radcliffe"), in his Consent and Undertakings ("Consent"), filed herewith, having entered a general appearance, having acknowledged receipt of the Complaint, having admitted to the jurisdiction of the Court over him and the subject matter of this action, having waived the filing of an Answer pursuant to Rule 12 of the Federal Rules of Civil Procedure and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and, solely for the purpose of this action, without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which he admits), having consented to the entry of this Final Judgment as to Joseph D. Radcliffe ("Final

1

Judgment"), having waived any right to appeal from this Final Judgment, and it further appearing that this Court has jurisdiction over Radcliffe and the subject matter hereof, and the Court being fully advised in the premises, **IT IS HEREBY**:

## I.

**ORDERED, ADJUDGED AND DECREED** that Radcliffe and his agents, servants, employees, attorneys-in-fact, nominees and those persons in active concert or participation with them, and each of them, who receive actual notice of this Final Judgment by personal service or otherwise, be and hereby are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] by,

**(a)** Unless a registration statement is in effect as to a security, directly or indirectly --

**(1)** making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

**(2)** carrying or causing to be carried through the mails or interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale [as prohibited by Section 5(a)]; or

**(b)** Directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while

2

a registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act. [as prohibited by Section 5(c)].

## II.

**FURTHER ORDERED, ADJUDGED AND DECREED** that Radcliffe and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, who receive actual notice of this Final Judgment by personal service or otherwise, be and hereby are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by,

in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, directly or indirectly --

    **(1)**    employing any device, scheme, or artifice to defraud; or

    **(2)**    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    **(3)**    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**FURTHER ORDERED, ADJUDGED AND DECREED** that Radcliffe and his agents, servants, employees, attorneys-in-fact, nominees and those persons in active concert or participation with them, and each of them, who receive actual notice of this

Final Judgment by personal service or otherwise, be and hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 CFR 240.10b-5] thereunder by,

    directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

        (1)    employing any device, scheme, or artifice to defraud;

        (2)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

        (3)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

### IV.

**FURTHER ORDERED, ADJUDGED AND DECREED** that Radcliffe shall:

A.    disgorge $383,586, representing gains that arise from his conduct alleged in the Complaint, plus prejudgment interest of $156,133 (a total "primary" disgorgement obligation of $539,719);

B.    further disgorge the fair market value -- as determined by a third-party appraiser selected by the Court-appointed Receiver -- of a 1996 Lincoln Towncar limousine he possesses that was acquired by Diversified Corporate Consulting Group;

4

  C. surrender possession (but not title) and relinquish any claim of ownership to 100,000 shares of Madison Sports & Entertainment, 50,000 shares of Smart from the Start, Inc. common stock, 50,000 Smart from the Start, Inc. warrants, and 142 shares of Imperial Petroleum;

  D. pay a civil penalty of $75,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act (15 U.S.C. §78u(d)(3)].

**V.**

**FURTHER ORDERED, ADJUDGED AND DECREED** that Radcliffe shall deliver his primary disgorgement payment of $539,719 to the Court-appointed Receiver (pursuant to Paragraph IV of this Final Judgment) on the following schedule and in the following amounts: (i) within sixty (60) days of the entry of the Final Judgment, disgorgement of $100,000, (ii) within one hundred twenty (120) days of the entry of the Final Judgment, disgorgement of $146,573, (iii) within one hundred fifty (150) days of the entry of the Final Judgment, disgorgement of $146,573, and (iv) within one hundred eighty (180) days of the entry of the Final Judgment, disgorgement of $146,573. Radcliffe shall contemporaneously notify the Commission of each transfer or delivery by sending a copy of any check, money order, or wire transfer to: Erich T. Schwartz, Assistant Director, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, N.W., Mail Stop 7-6, Washington, DC 20549-0706. Such payment shall thereafter be distributed pursuant to a plan for distribution of disgorgement funds, to be filed by the Commission or the Court-appointed Receiver with the Court, but in no event shall any of the funds, securities, or other things of value paid, transferred, assigned, or

delivered to the Court-appointed Receiver be returned, directly or indirectly, to Radcliffe.

## VI.

**FURTHER ORDERED, ADJUDGED AND DECREED** that Radcliffe shall further disgorge the fair market value -- as determined by a third-party appraiser selected by the Court-appointed Receiver in the exercise of the Receiver's sole discretion -- of a 1996 Lincoln Towncar limousine he possesses which was acquired by Diversified Corporate Consulting Group. Radcliffe shall take any and all reasonable actions directed by the Commission or by the Court-appointed Receiver to facilitate the appraisal, which shall occur at a time and place selected by the Receiver, but no sooner than fifteen (15) days from the entry of this Final Judgment. Within fifteen (15) days of the completion of the third-party appraisal, Radcliffe shall transfer or deliver, or cause the transfer or delivery of, payment of (i) the fair market value of the limousine and (ii) the cost of the third-party appraisal to the Court-appointed Receiver.

## VII.

**FURTHER ORDERED, ADJUDGED AND DECREED** that within thirty (30) days from the entry of this Final Judgment, Radcliffe shall surrender possession (but not title) to the Court-appointed Receiver and relinquish any claim of ownership to 100,000 shares of Madison Sports & Entertainment, 50,000 shares of Smart from the Start, Inc. common stock, 50,000 Smart from the Start, Inc. warrants, and 142 shares of Imperial Petroleum.

## VIII.

**FURTHER ORDERED, ADJUDGED AND DECREED** that Radcliffe shall deliver, within thirty (30) days of the entry of this Final Judgment, a United States postal

money order, certified check, bank cashier's check or bank money order in the amount of $75,000, representing the civil penalty described in Paragraph IV above, to: Office of the Comptroller, Securities and Exchange Commission, 450 Fifth Street, N.W., Mail Stop 0-3, Washington, D.C. 20549. The check or money order shall be made payable to the "Securities and Exchange Commission" and bear on its face the caption and case number of this action and the name of this Court. Contemporaneously, Radcliffe also shall deliver a copy of the check or money order to: Erich T. Schwartz, Securities and Exchange Commission, 450 Fifth Street, N.W., Mail Stop 7-6, Washington, D.C. 20549-0706.

## IX.

**FURTHER ORDERED, ADJUDGED AND DECREED** that Radcliffe and his agents, servants, employees, attorneys-in-fact, nominees and those persons in active concert or participation with them, and each of them, who receive actual notice of this Final Judgment by personal service or otherwise, are permanently enjoined for a period of three years from the date of this Final Judgment from destroying, mutilating, concealing, altering, or disposing of any items, including, but not limited to, any books, records, documents, contracts, agreements, assignments, obligations, tape recordings, computer media or other property, relating to the activities described in the Complaint.

## X.

**FURTHER ORDERED, ADJUDGED AND DECREED** that Radcliffe has waived any rights he or his nominees may have to make any claim against any disgorgement fund established to compensate victims of the SOE fraud, including monies held by the Court-appointed Receiver or in the registry of the Court.

## XI.

**FURTHER ORDERED, ADJUDGED AND DECREED** that Radcliffe shall comply with the annexed Consent which is incorporated herein with the same force as if fully set forth in this Final Judgment.

## XII.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

Dated: MARCH 5, 2001
Miami, Florida